NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FELTON L. MATTHEWS, Jr., | No. 13-16733 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01004-PMP-CWH |
| v. | |
| RYAN HESSLER; WILLIAM AMBRIDGE; JAMES G. COX; CARLOS MORAN, Jr., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted March 17, 2017[**]
San Francisco, California

Before: WALLACE, McKEOWN, and BYBEE, Circuit Judges.

Felton L. Matthews, Jr., a Nevada state prisoner, appeals from the district

court's dismissal of his 42 U.S.C. § 1983 action. We review de novo the district

court's summary judgment. *Frost v. Symington*, 197 F.3d 348, 353 (9th Cir. 1999).

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court correctly held that William Ambridge and James G. Cox are entitled to qualified immunity as to Matthews' First Amendment claim. When a defendant asserts a qualified immunity defense, we inquire "whether the plaintiff's allegations, if true, establish a constitutional violation." *Wilkins v. City of Oakland*, 350 F.3d 949, 954 (9th Cir. 2003). We also ask "whether the actions alleged violate a clearly established constitutional right, where 'clearly established' means that 'it would be clear to a reasonable officer that his conduct was unlawful *in the situation he confronted*.'" *Id.* (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)).

A reasonable officer could have believed that confiscating Matthews' sexually explicit hand-drawn comic book was consistent with the First Amendment. We have upheld regulations prohibiting inmates from possessing even materials depicting "frontal nudity" on the grounds that such regulations were reasonably related to legitimate penological interests, including maintaining jail security, rehabilitating inmates, and reducing sexual harassment of female detention officers. *See Mauro v. Arpaio*, 188 F.3d 1054, 1058–59 (9th Cir. 1999).

Matthews' comic book, which depicted pedophilic sexual activity, was far more graphic. Given its contents, as well as Matthews' status as a convicted child sex offender, Ambridge and Cox could have reasonably believed that the comic

2

book was permissibly forbidden under the Nevada Department of Corrections' administrative regulations, which prohibited the possession of publications or magazines containing sexually explicit content "which by its nature poses a threat to the security, good order, rehabilitation or discipline of the institution."

To the extent that Matthews asserts an Equal Protection claim, it fails for the same reasons. In addition, any Equal Protection claim also fails on a factual basis. Matthews asserts that he is treated differently from other inmates who are not child sex offenders because other inmates are allowed "Playboy and Penthouse magazines" that do not depict "connecting genitalia and excretions." However, Matthews' "comic book" does contain this forbidden content.

The district court correctly held that Matthews failed to exhaust his Eighth Amendment and retaliation claims. Matthews does not dispute that he did not formally grieve his Eighth Amendment claim and that he had not received a response to his second level grievance as to the retaliation claim before he filed suit.

**AFFIRMED.**